Robert L. Epstein (RE 8941)
repstein@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff Spin Master Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD.,<br><br>                             Plaintiff,<br><br>          v.<br><br>WORLD TECH TOYS, INC.<br><br>                             Defendant. | Civil Action No. 20-cv-1866<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff Spin Master Ltd. ("Spin Master" or "Plaintiff"), a limited liability company organized in Canada, by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271 (the "Action"), arising from Defendant World Tech Toys, Inc.'s ("Defendant" or "World Tech") advertising, promotion, offering for sale and/or sales of its Flying Toy Products (defined *infra*).

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to the patent laws of the United States of America, 35 U.S.C § 100 *et seq*., as an action arising out of the infringement of U.S. Patent No. 9,216,363; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3. Personal jurisdiction exists over Defendant in this judicial district because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business and/or contracts to supply goods (including the Flying Toy Products) in the State of New York and in this judicial district; has committed tortious acts within, and without, the State of New York and this judicial district; derives substantial revenue from its business transactions in the State of New York and in this judicial district; otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process; and/or Defendant's infringing actions have caused injury to Plaintiff in New York and in this judicial district such that Defendant should reasonably expect such actions to have consequences in the State of New York and in this judicial district.

4. Venue is proper within this judicial district under, *inter alia*, 28 U.S.C. § 1400, given that Defendant regularly conducts business in this judicial district and/or has committed the infringing and illegal acts, as set forth herein, in this judicial district.

## THE PARTIES

5. Plaintiff is a Canadian limited liability company with a principal place of business at 225 King Street West, Toronto, ON, M5V 3M2, Canada.

6. Upon information and belief, Defendant is a California corporation with its principal place of business at 28904 Avenue Paine, Valencia, California 91355.

## GENERAL ALLEGATIONS

### Plaintiff and its Spin Master Products

7. Plaintiff is part of a large, multinational toy and entertainment company started in 1994 that designs and sells innovative children's lifestyle products and toys under its own well-known brands, including Twisty Petz, Flutterbye Fairy, Bunchems and Hatchimals, as well as under licensed properties, such as Paw Patrol and Air Hogs (collectively, the "Spin Master Products").

8. Plaintiff sells its Spin Master Products throughout the U.S. and the world through major retailers, quality toy stores, department stores, and online marketplaces, including, but not limited to, Walmart, Toys R Us, Target, Kohl's, and Amazon.com, among others.

9. Additionally, Plaintiff sells many of its Spin Master Products directly through Plaintiff's website, available at www.shop.spinmaster.com, as well as through its websites dedicated to the individual Spin Master Products.

### Spin Master's United States Patent No. 9,216,363

10. Spin Master holds all right, title and interest in U.S. Patent No. 9,216,363 (Flying Toy Figurine) (the "'363 Patent", a true and correct copy of which is attached hereto as **Exhibit A**).

11. The '363 Patent was filed on April 18, 2013, and issued by the United States Patent and Trademark Office on December 22, 2015.

### Defendant's Wrongful and Infringing Flying Toy Products

12. Defendant attempted to capitalize on Spin Master's intellectual property rights by manufacturing, marketing and selling a line of motion-sensing flying toy figurine dolls (the

3

"Flying Toy Products"). True and correct print outs of examples of listings for Defendant's Flying Toy Products on Defendant's fully interactive website, www.worldtechtoys.com ("Defendant's Website"), are attached hereto as **Exhibit B**.

13. In order to gather further evidence of Defendant's infringing and illegal conduct, Plaintiff's counsel placed test buys via Defendant's Website of several Flying Toy Products, which were shipped by Defendant to Plaintiff's counsel's office in New York. A true and correct copy of Plaintiff's counsel's redacted purchase receipt, along with photographs of Defendant's Flying Toys Products and the packaging thereof received by Plaintiff's counsel in New York, are attached hereto as **Exhibit C**.

14. In making the Flying Toy Products, Defendant deliberately and wrongfully copied claims of the '363 Patent. As a result of this copying, Defendant's Flying Toy Products infringe the '393 Patent, as evidenced by the claims chart attached hereto as **Exhibit D**.

15. Counsel for Plaintiff put Defendant on notice of its infringing and illegal actions, as set forth herein, on or about January 10, 2020. A true and correct copy of a cease and desist letter, sent by Plaintiff's counsel to Defendant on January 10, 2020 is attached hereto as **Exhibit E**.

16. Despite receiving clear notice of its infringing actions, upon information and belief, Defendant has continued to sell the Flying Toy Products in blatant disregard of Plaintiff's rights in the '393 Patent.

**FIRST CAUSE OF ACTION**
**(Infringement of the '393 Patent Under 35 U.S.C. § 271)**

17. Plaintiff repeats and re-alleges the allegations set forth above, as though fully set forth herein.

4

18. In violation of 35 U.S.C. § 271, Defendant has designed, used, offered to sell, sold and/or imported into the United States, and on information and belief, is still designing, using, offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, the '393 Patent, without Plaintiff's authorization or consent. *See* **Exhibit D**.

19. Defendant will, on information and belief, continue to infringe upon Plaintiff's rights under 35 U.S.C. § 271, unless and until it is enjoined by this Court. Plaintiff has been and is likely to continue to be irreparably injured unless Defendant is enjoined and therefore, Plaintiff has no adequate remedy at law.

20. Plaintiff has been damaged by Defendant's infringing activities, as alleged herein, and Plaintiff is entitled to recover damages adequate to compensate Plaintiff for such infringement, including, but not limited to, Plaintiff's lost profits, a reasonable royalty, treble damages pursuant to 35 U.S.C. § 284, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other relief that this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Plaintiff requests that this Court:

a. enter judgment in Plaintiff's favor and against Defendant;

b. adjudge and decree that Defendant has unlawfully infringed, contributorily infringed and/or induced infringement of the '393 Patent;

c. preliminarily and permanently enjoin Defendant and its agents and all those acting in concert or participation with them from importing, distributing, advertising, promoting, selling, or offering for sale any products that infringe any claim of the '393 Patent, including, without limitation the Flying Toy Products;

    d. require Defendant to pay Plaintiff any damages that Plaintiff has suffered arising out of and/or as a result of Defendant's patent infringement, including Plaintiff's lost profits and/or reasonable royalties, and treble damages pursuant to 35 U.S.C. § 284, plus pre and post judgment interest at the maximum allowable rate, for Defendant's patent infringement;

    e. award Plaintiff its reasonable attorney's fees;

    f. award Plaintiff all costs of suit; and

    g. grant Plaintiff any such other and further relief that the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated: March 3, 2020                    Respectfully submitted,

                                                **EPSTEIN DRANGEL LLP**

                                                BY: /s/ Robert L. Epstein
                                                Robert L. Epstein (RE 8941)
                                                repstein@ipcounselors.com
                                                Jason M. Drangel (JD 7204)
                                                jdrangel@ipcounselors.com
                                                Ashly E. Sands (AS 7715)
                                                asands@ipcounselors.com
                                                Kerry Brownlee (KB 0823)
                                                kbrownlee@ipcounselors.com
                                                60 East 42nd Street, Suite 2520
                                                New York, NY 10165
                                                Telephone: (212) 292-5390
                                                Facsimile: (212) 292-5391
                                                *Attorneys for Plaintiff Spin Master Ltd.*